IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) |
| | ) Criminal No. **06-30163-GPM** |
| | ) |
| **SAMUEL B. BURR,** | ) ) |
| Defendant. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Defendant Samuel L. Burr is before the Court pursuant to a petition to revoke his supervised release authorized by District Judge G. Patrick Murphy. The Government now seeks to temporarily detain defendant pending his appearance before Judge Murphy on the underlying petition.

Fed.R.Crim.P. 32.1(b)(1)(A) provides that the magistrate judge shall hold a preliminary hearing to determine whether there is probable cause to believe that a person violated a condition of his or her supervised release. The person may waive the hearing.

If there has been a showing of probable cause, "The magistrate judge may release or detain the person under 18 U.S.C. §3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed.R.Crim.P. 32.1(a)(6).

18 U.S.C. § 3143(a)(2)(A) and (B), in applicable part, provide for detention unless: an attorney for the Government recommends that no sentence of imprisonment be imposed on the person; and the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B).

If the person has been convicted of an offense described in 18 U.S.C. §3142 (f)(1)(A),

1

(B), or (C), then, 18 U.S.C. § 3143 (a)(2)(A) and (B), in applicable part, provide that the judge "shall order" that defendant be detained unless: an attorney for the Government recommends that no sentence of imprisonment be imposed on the person; and the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B).[1]

The Government has moved for the revocation of defendant's supervised release, and the Government has made it clear that it will be asking the District Court to imprison the defendant in accordance with 18 U.S.C. § 3583.

The Government alleges that defendant violated the terms of his supervised release by the following acts:

1. On March 29, 2008, defendant committed the offenses of Reckless Driving, Improper Lane Usage, Aggravated Driving Under the Influence of Alcohol, and Speeding.

2. Defendant has failed to obtain and/or maintain employment.

3. Defendant used alcohol to excess on March 29, 2008.

On May 21, 2008, while represented by counsel, defendant executed a written waiver of his right to have a preliminary hearing pursuant to Rule 32.1(a)(6). The Court held a detention hearing. The Court finds probable cause to believe that defendant committed the acts alleged and that each of those acts was a violation of the terms of his supervised release.

Relative to the question of detention, the evidence presented clearly convinces this Court that Samuel L. Burr is likely to pose a danger to the community. The Court notes that defendant's supervised release was revoked in December, 2006, and he was sentenced to eleven months in the BOP, followed by twenty-five months supervised release. **See, Doc. 19.**

---

[1] The offenses referred to in 18 U.S.C. §3142 (f)(1) (A), (B), and (C), are crimes of violence, offenses for which the maximum penalty is life imprisonment or death, and certain drug offenses for which the maximum term of imprisonment is ten years or more.

**IT IS THEREFORE ORDERED** that Samuel L. Burr shall be detained pending determination of the pending petition to revoke his supervised release.

**IT IS FURTHER ORDERED** that: (1) defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; (2) defendant be afforded reasonable opportunity for private consultation with her counsel; and (3) on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

**DATED: May 21, 2008.**

                                    **s/ Clifford J. Proud**
                                    **CLIFFORD J. PROUD**
                                    **UNITED STATES MAGISTRATE JUDGE**